IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| PHYLLIS BLAIR, for Terionne Phylicia Blair, a Minor, <br> PLAINTIFF, <br> <br> VS. <br> <br> MICHAEL J. ASTRUE, <br> COMMISSIONER OF SOCIAL SECURITY, <br> DEFENDANT. | § <br> § <br> § <br> § <br> § CIVIL ACTION NO. 4:08-CV-010-Y <br> § <br> § <br> § <br> § <br> § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND
NOTICE AND ORDER**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b). The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.  STATEMENT OF THE CASE

Plaintiff Phyllis Blair brings this action on behalf of her daughter, Terionne Phylicia Blair ("Blair"), for judicial review of a final decision of the Social Security Administration denying her application for supplemental security income (SSI) child benefits under Title XVI of the Social Security Act. Blair applied for SSI child benefits on June 23, 2005, and after her application was denied initially and on reconsideration, she requested a hearing before an administrative law judge (ALJ). The ALJ held a hearing on April 12, 2007, and on April 30, 2007, issued a decision that

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 1**

Blair had not been disabled within the meaning of the Social Security Act at any time since June 23, 2005. (Tr. 15-25). The Appeals Council denied Blair's request for review, leaving the ALJ's decision to stand as the final decision of the Commissioner. (Tr. 3).

B. STANDARD OF REVIEW

Childhood disability for purposes of SSI benefits is evaluated under the following standard:

> (C)(i) An individual under the age of 18 shall be considered disabled . . . if that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.
> (ii) Notwithstanding clause (ii), no individual under the age of 18 who engages in substantial gainful activity . . . may be considered to be disabled.

42 U.S.C. §1382c(a)(3)(C). *See also* 20 C.F.R. § 416.906. The Social Security Administration has implemented this standard by developing a three-step inquiry. 20 C.F.R. § 416.924(a). The first step is to determine whether the claimant is engaged in substantial gainful activity. If so, the claimant will be found not disabled. *Id*. § 416.924(b). If not, the adjudicator proceeds to the second step and determines whether the claimant has any medically determinable severe impairments. *Id*. § 416.924(c). If not, the claimant will be found not disabled. If the claimant has a severe impairment, the last step is to determine whether the impairment meets, medically equals, or functionally equals the severity of a listed impairment. *Id*. § 416.924(d). *See generally* 20 C.F.R. Part 404, Subpart P, app. 1 (Listing of Impairments). If the claimant has such an impairment and it meets the duration requirement, the claimant will be found disabled. 20 C.F.R. § 416.924(a).

A denial of disability benefits is reviewed only to determine whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in

the record as a whole. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001). It is more than a mere scintilla, but less than a preponderance. *Id*. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision. *Id.* This Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but will carefully scrutinize the record to determine if the evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir.2000); *Hollis*, 837 F.2d at 1383.

C.   ISSUE

Blair asserts that the ALJ did not properly evaluate her credibility.

D.   ADMINISTRATIVE RECORD

1.   Medical History

Blair was born September 14, 1990. (Tr. 58). She was diagnosed with tetralogy of Fallot, a congenital heart defect, and underwent repair of this impairment in March 1993. (Tr. 109). In June 2005, she developed pulmonary valve insufficiency and ventricular tachycardia. Surgery was performed on June 8, 2005, to repair the pulmonary valve and implant an Intracardiac Defibrillator (ICD). (Tr. 129, 161-85, 224).

2.   ALJ DECISION

The ALJ applied the three-step sequential evaluation process prescribed for childhood disability claims. He found that Blair had not engaged in substantial gainful activity at any time relevant to his decision and that she had the following severe impairments: history of tetralogy of

Fallot status post repair and pulmonary valve insufficiency requiring the use of an ICD. (Tr. 18). However, the ALJ further found that Blair had no impairment or combination of impairments that met, medically equaled, or functionally equaled any listed impairment.[1] (Tr. 18). Accordingly, the ALJ concluded that Blair had not been disabled at any time since she filed her application. (Tr. 25).

E.   DISCUSSION

Blair contends that the ALJ's assessment of her credibility is flawed and unsupported by substantial evidence. In evaluating a claimant's subjective complaints, the ALJ first considers whether there is a medically determinable impairment that could reasonably be expected to produce the symptoms. 20 C.F.R. § 416.929(b); SOCIAL SECURITY RULING 96-7p. Once the impairment is found, the ALJ evaluates the intensity, persistence, and limiting effects of the symptoms on the claimant's functioning. 20 C.F.R. § 416.929(c). In determining the extent to which symptoms affect the claimant's functioning, the ALJ will consider all of the available evidence and the existence of any conflicts between a claimant's testimony and the other evidence. *Id*. § 416.929(c)(4). The ALJ is not required to give precedence to subjective evidence over the objective evidence. *Hollis*, 837 F.2d at 1385.

An ALJ's unfavorable credibility evaluation will not be upheld on judicial review where the uncontroverted medical evidence shows a basis for the claimant's complaints unless the ALJ weighs

---

[1] Functional equivalence requires a finding of listing-level severity based on the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). Functional equivalence requires a finding of marked limitations in two of six domains of functioning used or an extreme limitation in one domain. 20 C.F.R. § 416.926a(a). The ALJ found that Blair had marked impairment in the domain of health and physical well-being, but assessed no other areas of marked or extreme limitation in functioning. (Tr. 20-25).

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 4**

the objective medical evidence and articulates reasons for discrediting the claimant's subjective complaints. *Falco v. Shalala,* 27 F.3d 160, 163 (5th Cir.1994); *Abshire v. Bowen*, 848 F.2d 638, 642 (5th Cir. 1988). The ALJ must provide specific reasons for his credibility finding and be sufficiently specific to make clear to subsequent reviewers the weight given to the claimant's statements and the reasons for that weight. SOCIAL SECURITY RULING 96-7p.

Blair complains that the ALJ violated Social Security Ruling 96-7p by failing to articulate reasons for his determination that her statements were not entirely credible. (Tr. 19). Social Security Rulings are published under authority of the Commissioner and are binding on the Administration. *Hall v. Schweiker*, 660 F.2d 116, 119 n.4 (5th Cir. [Unit A] 1981)(per curiam). If the agency violates its internal rules and prejudice results, the proceedings are tainted and any action taken cannot stand. *Hall*, 660 F.2d at 119.

The ALJ stated that, after considering the evidence of record, he found that Blair had a medically determinable impairment that could reasonably be expected to produce her alleged symptoms, but that the statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (Tr. 19). The ALJ cited the appropriate standards for assessing credibility, and his discussion reflects adequate consideration of Blair's complaints. The ALJ acknowledged her statements that she is no longer able to play basketball, had required the use of her defibrillator on one occasion, and experienced mild chest pain if she danced too long, but as the Commissioner notes, even these statements do not indicate that Blair's impairments are disabling in degree. The ALJ further considered medical evidence that Blair responded well to surgery, both in 1993 and 2005, (Tr. 20), and that her treating cardiologist opined in January 2007 that she

remained "asymptomatic from a cardiovascular standpoint." (Tr. 20, 282).

In assessing Blair's level of impairment in the six recognized domains of functioning, the ALJ considered Blair's subjective statements as relevant to each domain and acknowledged that Blair would require lifetime cardiac follow-up care, but also observed that Blair was passing her high school courses, performed household tasks to assist her mother, related well to friends and family, experienced less than marked limitations in her ability to move about and manipulate objects as demonstrated by her performance of a variety of activities, and was able to care for herself.[2] (Tr. 18-25). Accordingly, he found that she did not experience the required level of functional impairment to warrant a finding of disability. (Tr. 25). The ALJ's credibility assessment and the reason for that assessment are sufficiently articulated in his decision, but even if the ALJ should have provided a more detailed explanation, Blair shows no prejudice to her case.

Substantial evidence supports the ALJ's finding that Blair's subjective complaints of disability were not entirely credible and the ALJ's determination that her impairments were not disabling as they did not meet or equal (medically or functionally) the criteria of any listed impairment. Blair has not shown a lack of substantial evidence to support the Commissioner's

---

[2] Blair complains that the ALJ made erroneous findings, such as his observation that she admitted during the hearing that she sometimes failed to take her medication as prescribed. Blair did not make this statement during the hearing, but in the forms submitted as part of the SSI application, Blair's mother noted that Blair sometimes forgot to take her medication. (Tr. 95, 96). Blair also asserts that the ALJ misunderstood some of her extracurricular activities. Although she contends that the ALJ incorrectly believed that she played on a basketball team after 2005, the ALJ specified in his decision that Blair had been unable to play basketball since June 2005. (Tr. 23). Blair also complains that the ALJ should not have relied on her participation in dance classes as evidence of her functional abilities, but Blair testified that she was participating in dance classes after obtaining her cardiologist's approval, and her mother testified that Blair was interested in trying out for the school drill team. (Tr. 322-23, 330). When questioned about the effects of exerting herself while dancing, Blair indicated that she had not had chest pain or shortness of breath in a long time. (Tr. 331).

decision or demonstrated that improper legal standards were used in arriving at that decision.

## RECOMMENDATION

It is recommended that the Commissioner's decision be affirmed.

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within ten (10) days after the party has been served with a copy of this document. The court is hereby extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation until December 9, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc).

## ORDER

Under 28 U.S.C. § 636, it is hereby ORDERED that each party is granted until December 9, 2008, to serve and file written objections to the United States Magistrate Judge's proposed

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 7**

findings, conclusions and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED NOVEMBER 17, 2008.

　/s/　Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation of
the United States Magistrate Judge–Page 8**